1  JEFFREY F. KELLER (SBN 148005)
2  jfkeller@kellergrover.com
   ERIC A. GROVER (SBN 136080)
3  eagrover@kellergrover.com
   CAREY G. BEEN (SBN 240996)
4  cbeen@kellergrover.com
5  **KELLER GROVER LLP**
   1965 Market Street
6  San Francisco, California 94103
   Telephone:  (415) 543-1305
7  Facsimile:    (415) 543-7861

8  Attorneys for Plaintiff
   G. TSANG, individually and on behalf of
9  classes of similarly situated individuals

10

11              **UNITED STATES DISTRICT COURT**

12           **NORTHERN DISTRICT OF CALIFORNIA**

13                  **(OAKLAND DIVISION)**

14  G. TSANG, individually and on behalf of        Case No:  4:14-cv-00493-YGR
    classes of similarly situated individuals,
15                                                  CLASS ACTION
16
                        Plaintiffs,                 **PLAINTIFF'S OPPOSITION TO**
17                                                  **DEFENDANT LEXISNEXIS RISK**
           v.                                       **SOLUTIONS, INC.'S MOTION TO**
18                                                  **DISMSS**

19  LEXISNEXIS RISK SOLUTIONS INC.; and    Date:      July 29, 2014
    FIRST ADVANTAGE BACKGROUND            Time:      2:00 pm
20  SERVICES, CORP.,                       Ctrm:      4, 3rd Floor
                                           Judge:     The Hon. Yvonne Gonzalez Rogers
21                      Defendants.
                                           Action Filed:  January 31, 2014
22

23

24

25

26

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS ...................................................................................... 3

III.  LEGAL STANDARD ON A MOTION TO DISMISS UNDER RULE 12(B)(6) ............ 5

IV.  ARGUMENTS ....................................................................................................... 6

    A.  Plaintiff Has Properly Alleged a Violation of 15 U.S.C. § 1681e ........................ 6

        1.  California Equal Employment Opportunity Law and Regulation Prohibits Employers from Seeking and Using Esteem Consumer Reports ........................................... 7

            a.  Use of Information Concerning Any Arrests or Detentions for Employment Purposes is Prohibited under California Law ............................................ 7

            b.  Retail Merchants are Empowered to Arrest or Detain Under California Law .................................... 10

            c.  Employers' Use of Esteem Consumer Reports Violates California Law ................................................ 11

        **2.**  LexisNexis's Arguments that Use of Esteem Consumer Reports is Not Prohibited by Labor Code § 432.7 and 2 C.C.R. § 11017 are Meritless ............................................ 12

        3.  LexisNexis Improperly Disclosed Esteem Consumer Reports Under 15 U.S.C. § 1681e .......................................... 16

    B.  Plaintiff Has Alleged Willful Conduct on the Part of LexisNexis ...................... 17

V.  CONCLUSION ..................................................................................................... 19

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
 556 U.S. 662, 129 S.Ct. 1937 (2009) ................................................................... 5

*Balistreri v. Pacifica Police Dept.*
 901 F.2d 696 (9th Cir.1988) ................................................................................. 5

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 544 (2007) ............................................................................................. 6

*Brahmana v. Lembo*
 2011 WL 1674993 (N.D. Cal. May 4, 2011) ..................................................... 10

*Central Valley Chap. 7th Step Foundation v. Younger*
 95 Cal. App. 3d 212 (1979) .................................................................................. 9

*Cervantez v. J.C. Penny Co.*
 24 Cal.3d 579 (1979) .......................................................................................... 11

*Cholakyan v. Mercedes-Benz USA, LLC*
 796 F.Supp.2d 1220 (C.D. Cal. 2011) .................................................................. 5

*Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*
 611 F.3d 495 (9th Cir. 2010) ................................................................................ 6

*Corona v. Target Corporation*
 2010 WL 3221866 (N.D. Cal. Aug. 13, 2010) ..................................................... 8

*Erickson v. Pardus*
 551 U.S. 89 (2007) ............................................................................................... 5

*Guimond v. Trans Union Credit Info. Co.*
 45 F.3d 1329 (9th Cir. 1995) .......................................................................... 6, 16

*Indus. Welfare Com. v. Superior Court*
 27 Cal. 3d 690 (1980) .......................................................................................... 9

*Kates v. Croker National Bank*
 776 F.2d 1396 (9th Cir. 1985) .............................................................................. 6

*Kelly v. Methodist Hospital of So. California*
 22 Cal. 4th 1108 (2000) ..................................................................................... 10

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

# TABLE OF AUTHORITIES

## (continued)

Page

*Kerrigan v. Fair Employment Practice Com.*
    91 Cal. App. 3d 43 (1979)................................................................... 9

*Levine v. World Fin. Network Nat'l Bank*
    554 F.3d 1314 (11th Cir. Ga. 2009) .................................................. 19

*Long v. Tommy Hilfiger U.S.A.*
    671 F.3d 371 (2012)......................................................................... 19

*Marder v. Lopez*
    450 F.3d 445 (9th Cir. 2006)............................................................. 6

*Moffat v. Buffums' Inc.*
    21 Cal. App. 2d 371 (1937).............................................................. 11

*Navarro v. Block*
    250 F.3d 729 (9th Cir.2001)............................................................. 5

*People v. Crowder*
    136 Cal.App.3d 841 (1982) ............................................................. 10

*People v. Zelinski*
    24 Cal.3d 357 (1979) ....................................................... 10, 11, 14, 15

*Pintos v. Pacific Creditors Association*
    605 F.3d 665 (2009) ..................................................................... 16, 17

*Pittman v. City of Oakland*
    197 Cal.App.3d 1037 (1988)............................................................. 8

*Robins v. Spokeo, Inc.*
    742 F.3d 409 (9th Cir. 2014)............................................................ 18

*Safeco Inc. Co. of Am. v. Burr*
    551 U.S. 47 (2007)........................................................................... 17

*St. Paul Guardian Insurance Co. v. Johnson*
    884 F.2d 881 (5th Cir.1989)............................................................. 6

*Utz v. Cullinane*
    520 F.2d 467 (D.C. Cir. 1975) .......................................................... 9

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

# TABLE OF AUTHORITIES

## (continued)

**Page**

*Vernon v. State*
 116 Cal. App. 4th 114 (2004) ...................................................................... 10


**Statutes**

12 United States Code
 § 1829 ............................................................................................................... 8

15 United States Code
 § 1681 ................................................................................................................ 1
 § 1681a .......................................................................................................... 1, 6
 § 1681b ................................................................................................... 1, 6, 7, 16
 § 1681e ...................................................................................................... passim
 § 1681n ............................................................................................................. 3

California Code of Regulations, Title 2
 § 11017 ...................................................................................................... passim

California Penal Code
 § 490.5 ..................................................................................................... 10, 15
 § 834 ............................................................................................................... 13
 § 837 ........................................................................................................... 10, 11
 § 851.7 .............................................................................................................. 8
 § 1000.5 ........................................................................................................... 8
 § 1001.5 ........................................................................................................... 8
 § 1203.4 ........................................................................................................... 8
 § 1203.45 ......................................................................................................... 8
 § 1210.1 ........................................................................................................... 8

Government Code
 § 12920 ........................................................................................................ 9, 10
 § 12921 ........................................................................................................ 9, 10

Labor Code
 § 432.7 ...................................................................................................... passim

Welfare and Institutions Code
 § 389 ................................................................................................................. 8

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

**TABLE OF AUTHORITIES**

**(continued)**

**Page**

**Other Authorities**

Blacks Law Dictionary, Ninth Edition ........................................................................... 13

California Jury Instruction - Criminal No. 2.72 ............................................................. 11

Enforcement Guidance on the Consideration of Arrest and Conviction

    Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964 ....... 14

**Rules**

Federal  Rules of  Civil Procedure
    Rule 8 ............................................................................................................ 17
    Rule 9 ...................................................................................................... 17, 18
    Rule 12(b)(6) ................................................................................................... 5

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION[1]**

3         This class action lawsuit arises out of defendants LexisNexis Risk Solutions, Inc.'s

4    ("LexisNexis") and First Advantage Background Services, Corp.'s ("First Advantage")

5    (collectively "Defendants") sharing of Esteem consumer reports with employers in the state of

6    California.  Plaintiff G. Tsang ("Plaintiff") alleges in his First Amended Complaint ("FAC") that

7    Defendants' sharing of Esteem consumer reports with employers for use in the state of California

8    has violated, and continues to violate, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*

9    ("FCRA"), specifically 15 U.S.C. § 1681e ("§ 1681e").[2]

10        Esteem consumer reports are consumer reports that have been prepared by LexisNexis, and

11   now co-defendant First Advantage, using information from the "Esteem" "Retail Theft

12   Contributory database" ("Esteem Database").    Plaintiff alleges that the Esteem Database is

13   comprised exclusively of retail merchants' internal shoplifting, fraud, and theft detention records.

14   The vast majority, if not all, of the detention records in the database relate to alleged crimes that

15   were never criminally prosecuted and for which no criminal conviction ever resulted.

16        Despite the fact that Esteem consumer reports represent little more than unprosecuted

17   criminal allegations, retail merchants who participated in the Esteem Database while it was

18   owned by LexisNexis, including retail merchants operating in the state of California, used Esteem

19   consumer reports provided to automatically disqualify job candidates from potential employment.

20   As a result, individuals who are included in the database are deprived of a significant number of

21

22   _____

23   [1] Plaintiff has submitted separate oppositions to the two motions to dismiss filed by defendants
     LexisNexis and First Advantage.  Because the motions to dismiss raise substantially similar
24   arguments, significant portions of each of the two oppositions are duplicative.  Generally,
     Plaintiff addresses arguments that are unique to LexisNexis starting on page 12 and continuing
25   through the remainder of the opposition.

26   [2] After re-evaluating his First Cause of Action under 15 U.S.C. § 1681b, Plaintiff has decided to
     voluntarily dismiss his claim without prejudice.  Plaintiff may move to amend his First Amended
27   Complaint if other putative class members later come forward with information showing that
     Esteem consumer reports are based in whole or in part on personal interviews and are therefore
28   "investigative consumer reports" within the meaning of 15 U.S.C. § 1681a.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1  retail job opportunities for a period of seven years without ever suffering a criminal conviction,

2  without receiving due process of law, and without any opportunity to clear their names.

3  Such automatic disqualification from employment, based on unproven criminal allegations,

4  is precisely what certain California equal opportunity laws and regulations were designed to

5  protect against.  Specifically, both Labor Code § 432.7 and California Code of Regulations, Title

6  2 § 11017(d)(1) ("2 C.C.R. § 11017") expressly prohibit employers from seeking or using

7  information concerning any arrests or detentions that did not result in criminal conviction when

8  making employment hiring decisions.  Esteem consumer reports fall squarely within such

9  prohibitions.

10  Under the FCRA, employers who seek consumer reports for employment purposes must

11  certify, among other things, that they will not use consumer reports in a manner that violates state

12  or federal equal employment opportunity law or regulation.  Consumer reporting agencies, like

13  Defendants, on the other hand, have a duty to make a reasonable effort to verify the uses certified

14  by the employer, prior to furnishing the employer with consumer reports. If they have reasonable

15  grounds for believing the reports will be used for a purpose that is not permitted or in violation of

16  the certification, then they must not provide the consumer report to the employer as requested.

17  Plaintiff alleges that because Esteem consumer reports *always* violate California equal

18  employment opportunity law and regulation, *i.e.* Labor Code § 432.7 and 2 C.C.R. § 11017,

19  Defendants have always been prohibited from sharing Esteem consumer reports with California

20  employers, regardless of any certifications they obtained. Plaintiff further alleges that such

21  violations were willful as Defendant knew, or was reckless in failing to know, that the provision

22  of Esteem consumer reports for use in the state of California violates California equal

23  employment opportunity law and regulation.  Plaintiff's allegations are well pled.

24  LexisNexis now moves to dismiss Plaintiffs FAC on the grounds that California

25  employers are not prohibited from seeking and using information contained in Esteem consumer

26  reports and that LexisNexis did not make any improper disclosures of Esteem consumer reports

27  under the FCRA. Additionally, LexisNexis contends that Plaintiff has failed to allege that it

28  willfully violated the FCRA, and thus Plaintiff and putative class members are not entitled to

1     statutory damages under 15 U.S.C. § 1681n ("§ 1681n").

2           LexisNexis's arguments are without merit.  As set forth below, Plaintiff has properly pled

3     a claim for relief on behalf of himself and the putative class based on LexisNexis's violations of

4     the FCRA.  LexisNexis's motion to dismiss should be denied in its entirety.

5     **II.     STATEMENT OF FACTS**

6           Plaintiff alleges that in 2010, he was accused by his employer, a big box retailer, of

7     committing refund fraud.  (Plaintiff's First Amended Complaint ("FAC") at ¶¶ 12-16.)  He was

8     taken to an office where he was detained for questioning by one of the retailer's loss prevention

9     officers and a district manager.  (FAC at ¶ 14.)   While in the office Plaintiff understood that he

10    was not free to leave and he was verbally informed that if he tried to leave, he would be placed in

11    handcuffs.  (FAC at ¶ 15.)

12          While Plaintiff was being detained in the store office, the loss prevention officer

13    completed an incident report with information related to his employer's allegations against

14    Plaintiff including the amount of money Plaintiff allegedly stole.  (FAC at ¶ 16.)   The loss

15    prevention officer further directed Plaintiff to prepare and sign an admission statement relating

16    the employer's allegations.  (FAC at ¶ 16.)   Plaintiff understood that if he did not cooperate by

17    preparing and signing the admission statement, he would be turned over to the police for arrest

18    and criminal prosecution.  (FAC at ¶ 16.)   Accordingly, Plaintiff drafted and signed a statement

19    admitting to the allegations.  (FAC at ¶ 16.)

20           Upon signing the supposed "admission" statement, Plaintiff was released from detention

21    and his employment was terminated.  Plaintiff was never criminally charged with, or convicted

22    of, the alleged "refund fraud" for which he was detained.  (FAC at ¶ 18.)

23          In June 2012, Plaintiff sought employment with Dollar General, another big box retailer,

24    as a store manager at one of Dollar General's retail store locations in California.  (FAC at ¶ 19.)

25    Plaintiff was offered a job with Dollar General pending the completion of a background check.

26    (FAC at ¶ 19.)  Thereafter, Plaintiff was informed that he had failed his background check on the

27    basis of an "Esteem" consumer report from the "Esteem Retail Theft Contributory Database"

28    (hereinafter referred to as the "Esteem Database").  (FAC at ¶ 20.)  The Esteem consumer report

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

contained information related to Plaintiff's October 2010 detention for alleged refund fraud, indicating that Plaintiff had provided his then employer with an "admission statement" related to the alleged refund fraud on October 5, 2010.  (FAC at ¶ 20.)  Because he failed the background check, Plaintiff was denied employment with Dollar General. (FAC at ¶ 21.)

LexisNexis Risk Solutions, Inc. ("Defendant" or "LexisNexis") owned and operated the Esteem Database until sometime in early 2013 when it was sold to Defendant First Advantage. (FAC at ¶ 1.)  The Esteem Database is billed as a "Retail Theft Contributory Database" because it is composed of numerous retailers' theft, fraud, and shoplifting detention records which have been contributed to build the database.  (FAC at ¶ 30.) As owner and operator of the database, LexisNexis actively sought out these records from retailers for inclusion in the database.  (FAC at ¶¶ 30-31.)

The internal shoplifting and theft detention records are composed of incident reports prepared at the time individuals are detained for suspected theft or shoplifting and are accompanied by either signed "admission statements" obtained during the detentions, as described above, or evidence of referral of the incidents for criminal legal action.  (FAC at ¶ 31.) When a retailer such as Dollar General requested an Esteem consumer report from LexisNexis, LexisNexis would run an inquiry into the Esteem database on the individual for whom a consumer report is sought.  (FAC at ¶ 33.)  If records related to the individual were included in the database, LexisNexis would prepare a consumer report based on the information that is akin to a rap sheet.  (FAC at ¶ 33.)  The consumer report would contain identifying information for the individual, location details for the alleged act of theft, the type of offense that was supposedly committed, whether legal action was ever taken, the date of the supposed incident, and the dollar amount that was allegedly involved in the theft.  (FAC at ¶ 33.)

Plaintiff has further alleged that as owner and operate of the Esteem database, LexisNexis was well aware that Esteem records are based on, derived from, and concern detentions that did not result in criminal convictions. (FAC at ¶ 35-36, 40-41.)     Indeed, Plaintiff has alleged that some of the records contained in the database make specific reference to detentions made by the retailers.  (FAC at ¶ 41.)     LexisNexis was also well aware of which of these detentions resulted

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

in criminal convictions, as the reports contain a line indicating whether legal action relating to the detention was taken.  (FAC at ¶ 35-36.)    Finally, Plaintiff has alleged that LexisNexis was aware that Esteem consumer reports would be used by employers, including employers in the state of California, to make employment hiring decisions. (FAC at ¶ 42-43.)   Indeed, the very purpose of the reports was, and still is, to allow employers to make employment hiring decisions on the basis of each other's theft and shoplifting detention records even when such detentions never lead to prosecution or criminal conviction.  (FAC at ¶ 43.)

Esteem consumer reports are extremely damaging to the individuals identified in the reports. (FAC at ¶ 44.)  Once an individual has been included in the Esteem Database, he will be automatically disqualified from employment by every other participant in the database, which includes most major retailers in the United States.  (*Id.*)   His Esteem consumer report will be treated as conclusive proof, for a period of seven years, that he engaged in the alleged criminal acts contained therein.  (*Id.*)  Thus, individuals identified in the Esteem Database who are not experienced in other professions are deprived of their livelihoods by inclusion in the database without ever suffering a criminal conviction for their alleged wrongdoing and without ever being afforded the protections of due process of law.  (*Id.*)

### III.     LEGAL STANDARD ON A MOTION TO DISMISS UNDER RULE 12(B)(6)

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A Fed. R. Civ. P., Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim" alleged in the complaint.  *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir.2001).  Rule 12(b)(6) dismissal is "proper only where there is either a 'lack of a cognizable legal theory,' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d 1220, 1231 (C.D. Cal. 2011) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988)).  The complaint is construed and all reasonable inferences are drawn in favor of the plaintiff, and all properly pleaded factual allegations are taken as true.

1  *Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010).

2  "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the

3  contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A complaint is

4  legally sufficient when the plaintiff has alleged "enough facts to state a claim to relief that is

5  plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

6  **IV.    ARGUMENTS**

7      **A.  Plaintiff Has Properly Alleged a Violation of 15 U.S.C. § 1681e.**

8      "The FCRA was the product of congressional concern over abuses in the credit reporting

9  industry." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citing

10  *St. Paul Guardian Insurance Co. v. Johnson,* 884 F.2d 881, 883 (5th Cir.1989)). "The legislative

11  history of the FCRA reveals that it was crafted to protect consumers from the transmission of

12  inaccurate information about them … and to establish credit reporting practices that utilize

13  accurate, relevant, and current information in a confidential and responsible manner." *Id.*

14  (Internal citations omitted.)  These consumer oriented objectives support a liberal construction of

15  the FCRA. *Id.*  (*citing Kates v. Croker National Bank,* 776 F.2d 1396, 1397 (9th Cir. 1985)).

16      In Plaintiff's Second Cause of Action, Plaintiff has alleged that LexisNexis willfully

17  violated § 1681e of the FCRA.  § 1681e of the FCRA imposes a duty on consumer reporting

18  agencies to make a reasonable effort to verify the uses certified by prospective users of consumers

19  reports prior to furnishing the users with the reports.  Consumer reporting agencies are prohibited

20  from furnishing consumer reports if they have reasonable grounds for believing the reports will

21  be used for a purpose not permitted under 15 U.S.C. § 1681b ( § "1681b").

22      § 1681b(a) of the FCRA provides that consumer reports can be provided to a person that a

23  consumer reporting agency has reason to believe intends to use the information for employment

24  purposes.   However, § 1681b(1)(A)(ii) further restricts the permissible purpose for which

25  consumer reports for employment purposes can be used, i.e. for employment purposes that are not

26  violation of state or federal equal employment opportunity law.    Accordingly, reports for

27  employment purposes can only be provided if the consumer reporting agency receives

28  certification from the user that information from the consumer report will not be used in violation

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

of any Federal or State equal employment opportunity law or regulation. *See* § 1681b(b)(1)(A)(ii).

In his FAC, Plaintiff has alleged that use of Esteem consumer reports in California **always** violates California equal employment opportunity law and regulation, specifically Labor Code § 432.7 and 2 C.C.R. § 11017.  As alleged in Plaintiff's FAC, the Esteem database has been designed, used, and advertised for the very purpose of denying employment to the very individuals that Labor Code § 432.7 and 2 C.C.R. § 11017 were designed to protect: individuals who have been detained for and accused of committing criminal acts but who have never suffered any criminal convictions relating to those acts.  Thus, regardless of any certifications that LexisNexis may have received from users of Esteem consumer reports, LexisNexis knew or was reckless in failing to know that their use of Esteem consumer reports in the state of California would violate state equal employment opportunity law.  Accordingly, Esteem consumer reports should never have been shared with California employers for use in California.

LexisNexis challenges the adequacy of Plaintiff's allegations under § 1681e on essentially two grounds: first that California equal employment opportunity law and regulation does not prohibit California employers from seeking information contained in Esteem consumer reports and second that LexisNexis did not make any improper disclosures of Esteem consumer reports under the FCRA.  As set forth below, LexisNexis's arguments are without merit.

### 1. California Equal Employment Opportunity Law and Regulation Prohibits Employers from Seeking and Using Esteem Consumer Reports.

#### a. Use of Information Concerning Any Arrests or Detentions for Employment Purposes is Prohibited under California Law.

California law and regulation has long prohibited the use of information concerning *any* arrests or detentions that did not result in criminal convictions for the purpose of making employment determinations. *See* Labor Code § 432.7; 2 C.C.R. § 11017(d)(1)(A).  Specifically, Labor Code § 432.7 provides that:

(a) No employer, whether a public agency or private individual or corporation, shall ask an applicant for employment to disclose, through any written form or verbally, information concerning an ***arrest or detention that did not result in conviction***, or information concerning a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

to, Sections 1203.4, 1203.4a, 1203.45,and 1210.1 of the Penal Code, nor shall any employer seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, *any record of arrest or detention that did not result in conviction*, or any record regarding a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, including, but not limited to, Sections 1203.4, 1203.4a, 1203.45, and 1210.1 of the Penal Code…

(Emphasis added.) 2 C.C.R. § 11017(d), promulgated by the Fair Employment and Housing Council under California Fair Employment and Housing Act, similarly provides that:

(d) Specific Practices.

(1) Criminal Records. Except as otherwise provided by law (e.g., 12 U.S.C. § 1829; Labor Code section 432.7*), it is unlawful for an employer or other covered entity to inquire or seek information regarding any applicant concerning:*

*(A) Any arrest or detention that did not result in conviction*;

(B) Any conviction for which the record has been judicially ordered sealed, expunged, or statutorily eradicated (e.g., juvenile offense records sealed pursuant to Welfare and Institutions Code section 389 and Penal Code sections 851.7 or 1203.45); any misdemeanor conviction for which probation has been successfully completed or otherwise discharged and the case has been judicially dismissed pursuant to Penal Code section 1203.4; or

(C) Any arrest for which a pretrial diversion program has been successfully completed pursuant to Penal Code sections 1000.5 and 1001.5.

(Emphasis added.)

These laws and regulations prohibiting the use of arrest or detention records, where no conviction has resulted, hold inviolate "the fundamental presumption of a suspect's innocence prior to the contrary being proved at trial." *Corona v. Target Corporation*, 2010 WL 3221866 at *2 (N.D. Cal., Aug. 13, 2010) (evaluating a claim under Labor Code § 432.7 and citing *Pittman v. City of Oakland*, 197 Cal.App.3d 1037, 1044 (1988)).  As explained in *Pittman v. City of Oakland* "the obvious intent of [Labor Code § 432.7] is to prevent the adverse impact on employment opportunities of information concerning arrest where culpability cannot be proved."  Likewise, the prohibition on the use of arrest or detention records, found in 2 C.C.R. § 11017(d), recognizes that the use of non-conviction criminal history information for the purpose of making

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305; Fax 415.543.7861

employment hiring decisions has an unfair and adverse discriminatory impact on job applicants.[3]

Accordingly, the use of such records is categorically prohibited, protecting all California job applicants equally from the injurious impact of such information.

The importance of the prohibitions found in Labor Code § 432.7 and 2 C.C.R. § 11017(d) on the use of non-conviction information for employment purposes cannot be over-stated.  State and federal courts have recognized that "[t]he right to work and the concomitant opportunity to achieve economic security and stability are essential to the pursuit of life, liberty and happiness." *Kerrigan v. Fair Employment Practice Com.*, 91 Cal. App. 3d 43, 50-51 (1979).  "Gainful employment is central to the individual's role as a productive member of society, to his ability and to provide for his family and himself, and to his psychological need for self-esteem and respect." *Id.*  On the other hand, criminal allegations without proof in a court of law are of little probative value.  As one federal court has explained:

> [t]he mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct.  As arrest shows nothing more than that someone probably suspected the person apprehended of any offense. When formal charges are not filed against the arrested person and he is released without trial, whatever probative force the arrest may have had is normally dissipated… Actually, a collection of dismissed, abandoned, or withdrawn arrest records are not more than gutter rumors when measured against any standards of constitutional fairness…

*Utz v. Cullinane,* 520 F.2d 467, 478-479 (D.C. Cir. 1975).  Nevertheless, employers will make "automatic disqualification" of potential employees based on arrest records and "cannot or will not distinguish between arrests resulting in conviction and arrests which do not" when they have the ability to do so.  *Central Valley Chap. 7th Step Foundation v. Younger*, 95 Cal. App. 3d 212, 231 (1979) (citing *Utz*, 520 F.2d at 480.)

Both Labor Code § 432.7 and 2 C.C.R. § 11017 are remedial in nature and are designed to protect California employees.  Both should accordingly be construed liberally in favor of their protective purposes.  *See Indus. Welfare Com. v. Superior Court*, 27 Cal. 3d 690, 702-03 (1980) ("[r]emedial statutes… are to be liberally construed. (Citation.) They are not construed within

---

[3] *See* 2 C.C.R. § 11014; Government Code §12920.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

narrow limits of the letter of the law, but rather are to be given liberal effect to promote the general object sought to be accomplished. . . ."); *see also Vernon v. State*, 116 Cal. App. 4th 114 (2004) (citing *Kelly v. Methodist Hospital of So. California*, 22 Cal. 4th 1108, 1114 (2000) ("'[b]ecause the FEHA is remedial legislation, which declares "[t]he opportunity to seek, obtain and hold employment without discrimination" to be a civil right (§ 12921), and expresses a legislative policy that it is necessary to protect and safeguard that right (§ 12920), the court must construe the FEHA broadly, not … restrictively.'")  In keeping with the mandate of construing remedial statues and regulations broadly, one court in this district has already found that Labor Code § 432.7 reflects a "broad[] public policy against allowing an employer to fire an employee based in whole or in part on the fact an employee has been suspected of a crime, absent a conviction for that crime." *Brahmana v. Lembo*, 2011 WL 1674993, at *7 (N.D. Cal. May 4, 2011).  In doing so, the Court found that an employment decision could not be made based on a report indicating the plaintiff was under investigation for perjury, where the plaintiff suffered neither an arrest nor a detention within the meaning of the statute.  *Id.*

### b. Retail Merchants are Empowered to Arrest or Detain Under California Law.

California law has also long empowered retail merchants and their store loss prevention personnel to arrest or detain employees or other persons pursuant to Penal Code §§ 490.5 and 837.  *People v. Zelinski*, 24 Cal.3d 357, 362-363, 366 (1979) ("We have recognized that private security personnel, like police, have the authority to detain suspects, conduct investigations, and make arrests")*; People v. Crowder*, 136 Cal.App.3d 841, 471 (1982) ("…security employees can arrest or detain an offender…").  As with detentions by law enforcement personnel, such arrests and detentions must be supported by probable cause.  *Id.*  The purposes and bases for which a merchant and its loss prevention officers can detain or arrest someone, and the conduct they can engage in in doing so, however are limited.  *See* Penal Code §§ 490.5, 837; *People v. Crowder*, 136 Cal. App. 3d. 841, 844 (1982).  Their privilege to detain upon probable cause is primarily to allow them to engage in the purely self-interested function of protecting their employer's property.  *Zelinski*, 24 Cal.3d at 367.  They can also detain or arrest someone whom they have

reasonable cause to believe committed a felony or when a felony has been committed in their presence. *Zelinski*, 24 Cal.3d at 362; Penal Code § 837. The failure of a merchant to comply with the statutory limitations does not change the essential nature of an arrest or detention into something other than an arrest or detention, it simply renders the detention or arrest illegal. *See, e.g. Moffat v. Buffums' Inc.*, 21 Cal. App. 2d 371, 374-375 (1937)(finding the plaintiff was detained, but the merchant right to protect property did not allow detention for the purpose of securing a confession); *Cervantez v. J.C. Penny Co.*, 24 Cal.3d 579 (1979).

### c. Employers' Use of Esteem Consumer Reports Violates California Law.

Against this backdrop of California law, Plaintiff has alleged that he and other individuals have been detained by retailers for the purpose of the retailer's investigations and accusations of criminal theft. (FAC at ¶¶ 30-31.) At the time they are detained, the retailers use their detentions not purely for the purpose of protecting their own property, but also to secure supposed written admission statements for the alleged criminal acts. (FAC at ¶ 31.) The admission statements do not constitute adjudications of guilt. Indeed an admission or confession alone is never considered sufficient proof of criminal conduct for a conviction in the state of California and Plaintiff has alleged that some of the supposed admissions may be involuntary, coerced, or otherwise inadmissible for use in court. (FAC at ¶ 27); *see also* California Jury Instruction - Criminal No. 2.72 (providing that: "[n]o person may be convicted of a criminal offense unless there is some proof of each element of the crime independent of any [confession] [or] [admission] made by [him] [her] outside of [] trial").

LexisNexis nevertheless operated a system to make large scale inquiries into these admission statements and incident reports that accompany the admissions, which are also prepared by the retailers' loss prevention officers at the time of each individuals' detention. (FAC at ¶¶ 30-31.) The incident reports contain details and information related to the detention, including the alleged criminal reason for the detention and the alleged theft amount. (*Id.*) LexisNexis took the information from the admissions and incident reports and includes the information in its Esteem Database. (FAC at ¶ 32-33.)

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1    LexisNexis has then used the detention information obtained from the retailers to prepare

2    consumer reports for retailers who were considering hiring the subject of the information for

3    employment.  (FAC at ¶ 33.)  As a result of their information being included in an Esteem

4    consumer report, the subject of the report is automatically disqualified from employment by the

5    retailer who seeks and uses the consumer report.  (FAC at ¶ 44.)

6    Use of the detention information contained in Esteem consumer reports for employment

7    hiring purposes in the state of California violates both the plain language and the intent of Labor

8    Code § 432.7 and 2 C.C.R. § 11017, as set forth above.  Both were designed to prevent the

9    automatic disqualification of potential employees based on information concerning arrests or

10   detentions that never resulted in criminal convictions.  Esteem consumer reports are used for

11   exactly such purpose: to automatically deny employment to individuals based on information

12   concerning their detentions that never resulted in criminal convictions.  Thus, California

13   employers are prohibited from using Esteem consumer reports.

14   Likewise, under § 1681e, LexisNexis had a duty to verify the uses certified by prospective

15   users of consumers reports prior to furnishing the users with the reports.  In light of the fact that

16   use of Esteem consumer reports in California *always* violates California equal employment

17   opportunity law and regulation, LexisNexis was prohibited from sharing Esteem consumer

18   reports with employer for use in California, regardless of any certifications stating the reports

19   would not be used impermissibly.  *See* Section A.3., below.

20   **2.  LexisNexis's Arguments that Use of Esteem Consumer Reports is Not Prohibited by Labor Code § 432.7 and 2 C.C.R. § 11017 are Meritless.**

21   Despite the fact that Esteem consumer reports fall directly within the plain language and

22   intent of Labor Code § 432.7 and 2 C.C.R. § 11017, LexisNexis contends that Labor Code §

23   432.7 and 2 C.C.R. § 11017 apply only to information concerning arrests or detentions by official

24   law enforcement authorities.  However, the plain language of both Labor Code § 432.7(a) and 2

25   C.C.R. § 11017 does not distinguish between arrests or detentions committed by police officers

26   and criminal arrest and detentions by other actors such as store security or loss prevention

27   officers.  Indeed 2 C.C.R. § 11017 expressly relates to ***any*** arrest or detention that did not result in

28   a criminal conviction.  Moreover, the words "arrest" and "detention" do not exclude private

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

actors such as store loss prevention officers. To the contrary, the California Penal Code specifically defines the word "arrest" to specifically include arrests made by both "a peace officer or a private person." *See* Penal Code § 834. Likewise, a "detention" is merely the "act or fact of holding a person in custody; confinement or compulsory delay." *See* Blacks Law Dictionary, Ninth Edition.

The clear focus of both Labor Code § 432.7 and 2 C.C.R. § 11017 is on whether a conviction was ever obtained related to the alleged criminal acts for which the individual was arrested or detained. No distinction should be made between arrests and detentions by store loss prevention personnel and arrests or detentions by police officers. Arrests and detentions by loss prevention personnel are no more conclusive of supposed guilt for an alleged crime than arrests or detentions by police officers. Indeed, as LexisNexis itself seems to point out, retailer detention records are likely to be even less reliable than official police records as store loss prevention officers are not even trained or sworn officers of the law. (*See* LexisNexis MTD at 8:18-20) ("Detention by criminal authorizes implies that a trained, sworn law officer believed he or she had probable cause to believe that the individual had broken the law.")

The only language LexisNexis points to in support of its argument that Labor Code 432.7 and 2 C.C.R. § 11017(d)(1)(A) apply only to official police records is the subheading in 2 C.C.R. § 11017(d)(1)(A) that says "Criminal Records." However, criminal records are exactly what the Esteem database purports to provide. The database itself is referred to as a "Retail ***Theft*** Contributory Database." (FAC at ¶¶ 1, 30.) Esteem reports provide a supposed "***Theft*** Amount." They also have a line for "Type of Offense" – in Plaintiff's case the stated offense is "Refund ***Fraud***." (FAC at ¶ 33.) Additionally, LexisNexis has advertised the Esteem database by claiming that "[s]*ince many internal theft incidents are not prosecuted*, LexisNexis Retail Theft Contributory Database provides [] organization[s] with access to proprietary ***theft and fraud data*** that may not be available anywhere else." (FAC at ¶¶ 36.) Obviously LexisNexis has intended to convey to employers that Esteem consumer reports provide criminal record information.

LexisNexis further argues that 2 C.C.R. § 11017(d)(1)(A) intended to import Federal Government guidelines because the Federal Uniform Guidelines on Employee Selection

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

Procedures are referenced in 2 C.C.R. § 11017(a). However, the referenced guidelines were not intended to provide guidance on the use of arrest or detention records as prohibited by 2 C.C.R. § 11017(d)(1)(A). Indeed, they say nothing at all about arrest or detention records. Apparently recognizing this fact, LexisNexis then points to the entirely different document, the Equal Employment Opportunity Commission *Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964*, as supposed evidence that Esteem reports do not fall within the prohibitions of 2 C.C.R. § 11017(d)(1)(A). Such report has little to do with 2 C.C.R. § 11017(d) or Plaintiff's allegations in his FAC. Plaintiff does not allege that Esteem reports violate *federal* equal employment opportunity laws or regulations. Nevertheless, the report completely undermines LexisNexis's argument. Under the subheading "Criminal History Records," the report expressly discusses the Esteem consumer reports at issue in this case. *See* Equal Employment Opportunity Commission *Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964*, at section III.A. Specifically, the report discusses the use of "specialized information for a subset of employers such as information about workplace theft or shoplifting" with a footnote citing directly to a previously existing webpage for LexisNexis's Esteem retail theft contributory database. *Id.* Plainly by including reference to Esteem consumer reports, the EEOC is concerned with use of Esteem consumer reports as criminal records.

LexisNexis further contends that detentions for criminal investigations by store security should be treated differently than detentions by police officers because the stigma associated with detentions by police officers is greater. However, this case shows the patent absurdity of LexisNexis's argument. Plaintiff has alleged that as used by LexisNexis and the employers that subscribe to the Esteem database, Esteem consumer reports carry the ***exact same unfair stigma*** that Labor Code § 432.7 and California Code of Regulations § 11017 were designed to protect against: the label of criminal when criminal accusations have never been proven at trial.

Nevertheless, Defendant supports its stigma argument by pointing to *People v. Zelinski*, 24 Cal.3d 357, 368 n.10 (1979). The footnote quotation Defendant cites to from *Zelinski* is

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

inapposite.  It merely stands for the unremarkable, and irrelevant, proposition that retailers do not engage in state action when they detain a person pursuant to Penal Code § 490.5 solely for the purpose of protecting their own property and then releasing the detainee.  *Id.*  It does not say that a detention pursuant to Penal Code § 490.5 is not considered a detention within the meaning of the law.  Nor does it say that employers can use their statutory rights to arrest and detain to secure admissions to allegedly criminal acts and then submit those admissions to a database for the purpose of automatically denying Californians employment.  To the contrary, *Zelinski* directly and repeatedly confirms that "private security personnel, like police, have the authority to ***detain*** suspects, conduct investigations, and make ***arrests***."  *Id.* at 365.  *See also Id.* 363. ("pursuant to the Penal Code or the civil common law privilege, store personnel … had authority to ***arrest or detain*** defendant.")  *Zelinski* also confirms that the actions of private security guards can pose as significant of a threat to the privacy rights of Californians as do certain actions of police officers.  *Id.* at 366.  Thus, *Zelinski* provides no support for Defendant's argument.

Finally LexisNexis argues that the detentions of Plaintiff's and putative class members at issue here should not be considered detentions because "every time an employer questions an employee in connection with poor performance or suspected misconduct, that employer would be faced with a threat of the discussion being re-characterized as a criminal detention, subject to the restrictions of law." (LexisNexis MTD at 8:24-26.)  The argument is a red-herring.  There is a significant difference between questioning employees about poor performance and having store loss prevention personnel detain them, while making accusations of criminal acts, preparing incident reports related to such alleged criminal acts, and instructing them to draft admission statements with the intent of submitting such statements to a database for the purpose of denying them future employment.   Plainly employers that participate in the Esteem Database know when they are they are merely discussing poor performance or misconduct with an employee and when they are holding them on accusations of criminal actions.

Accordingly, Plaintiff has sufficiently plead his allegations that employers used Esteem consumer reports in the state of California in violation of California state equal employment opportunity law and regulation, specifically Labor Code § 432.7 and 2 C.C.R. § 11017.

### 3. LexisNexis Improperly Disclosed Esteem Consumer Reports Under 15 U.S.C. § 1681e

LexisNexis next argues that Plaintiff has failed to allege an improper disclosure of Esteem consumer reports under § 1681e. In support of its argument, LexisNexis relies on Fifth Circuit precedent to suggest that Plaintiff must show that the Defendant improperly released a consumer report under § 1681b before stating a claim under § 1681e. (*See* LexisNexis MTD at 12:11-16.)

The standard articulated by LexisNexis in its motion to dismiss has not been followed in the Ninth Circuit. Essentially, Defendant argues to the contrary, the Ninth Circuit has held that consumer reporting agencies cannot absolve themselves from liability under § 1681e by simply obtaining blanket certifications from consumer report users under § 1681b stating that the consumer reports will only be used for permissible purposes. *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 676-677 (2009). Rather, the Ninth Circuit has held that consumer reporting agencies like Defendant must not disclose consumer reports if they have reasonable grounds for suspecting they will be used impermissibly. *Id.* As the Court explained:

> A credit reporting agency may be liable for its subscriber's violation when the agency fails to comply with the statutory obligations imposed by 15 U.S.C. § 1681e. *See Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir.1995) …Section 1681e requires more from a credit reporting agency than merely obtaining a subscriber's general promise to obey the law. After prospective subscribers "certify the purposes for which [credit] information is sought, and certify that the information will be used for no other purpose," the reporting agency must make "a reasonable effort" to verify the certifications and may not furnish reports if "reasonable grounds" exist to believe that reports will be used impermissibly. 15 U.S.C. § 1681e(a). Under the plain terms of § 1681e(a), a subscriber's certification cannot absolve the reporting agency of its independent obligation to verify the certification and determine that no reasonable grounds exist for suspecting impermissible use. Blanket certification cannot eliminate all genuine issues of material fact with regard to [] liability.

*Pintos*, 605 F.3d at 677.

Here, Plaintiff has alleged that LexisNexis had reasonable grounds for believing that Esteem consumer reports would be used impermissibly by employers in the state of California. (FAC at ¶ 91.) Plaintiff has alleged that the *only* use for Esteem consumer reports is for the purpose of making employment hiring decisions. (FAC at ¶ 43, 91.) Plaintiff has further alleged

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

that the use of all such reports for the purpose of making employment hiring decisions, in the state of California, violates state equal employment opportunity laws and regulations. (FAC at ¶ 85-89.) Thus their use is never permissible in the state of California. (FAC at ¶ 85-91.) Plaintiff has further alleged that LexisNexis knew, or was reckless in failing to know, that the use of Esteem consumer reports in California violates state equal employment opportunity laws and regulations. (FAC at ¶ 91.) Thus, LexisNexis had reasonable grounds for believing that employers in the state of California would use Esteem consumer reports in violation of their certifications to the contrary. (*Id.*) Indeed, it would be absurd to conclude that LexisNexis could provide reports under the FCRA to California employers that always violate California equal employment opportunity law or regulation based on the employer making a blanket certification that it will not violate state equal employment opportunity law. These allegations for violation of § 1681e plainly fall within the duties enunciated in *Pintos* and are therefore actionable.

Defendant's further argues that California law does not prohibit employers from obtaining information from prior employers about retailer detentions, and therefore it is not prohibited from disclosing such information under the FCRA. Defendant is wrong. (*See* Sections A.1-2, above.) Defendant should accordingly be held to answer as to Plaintiff's Second Cause of Action.

### B. Plaintiff Has Alleged Willful Conduct on the Part of LexisNexis.

LexisNexis next argues that Plaintiff has not alleged facts in his FAC sufficient to support his claim that LexisNexis willfully violated the FCRA. A "willful" violation under the FCRA includes "not only knowing violations of a standard, but reckless ones as well." *Safeco Inc. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). A defendant acts in reckless disregard if the defendant's action "is not only a violation under a reasonable reading of the statute's terms, but shows the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. *Id.* at 69.

Under the FCRA, willfulness is generally an issue of fact for the jury. At the pleading stage, Rule 8 of the Federal Rules of Civil Procedure requires only that "each averment of a pleading [be] simple, concise and direct." Fed.R.Civ.P. 8. Additionally, Rule 9 states that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

Fed.R.Civ.P. 9(b). As a result, allegations regarding state of mind, such as willfulness, may be averred generally. Moreover, in the FCRA's context, the Ninth Circuit has held that a plaintiff need only show that it was plausible that the defendant acted in reckless disregard of a statutory duty. *Robins v. Spokeo, Inc.*, 742 F.3d 409, 411 n. 1 (9th Cir. 2014).

Here, Plaintiff has alleged more than sufficient facts to establish that LexisNexis willfully violated the FCRA. Plaintiff has alleged that LexisNexis intentionally owned and operated a database intended to be used for the purpose of denying employment to individuals, including individuals in the state of California. (FAC at ¶¶ 1-2, 43-44.) Plaintiff has further alleged that the database disqualifies persons from employment whom the laws of California were designed to protect: persons who have suffered detentions for alleged criminal acts but have never been convicted of such actions. (FAC at ¶¶ 66-70, 75.) Plaintiff has alleged that LexisNexis knew that information contained in Esteem consumer reports was obtained from detentions for alleged criminal violations and that the detentions do not constitute actual adjudications of guilt. (FAC at ¶ 35-36.) Indeed, Plaintiff has alleged that LexisNexis itself promoted the fact that it was providing criminal records that never resulted in criminal convictions by directly advertising that "*[s]ince many internal theft incidents are not prosecuted*, LexisNexis Retail Theft Contributory Database provides [] organization[s] with access to proprietary *theft and fraud data* that may not be available anywhere else." (FAC at ¶¶ 36, 40.) Plaintiff has also alleged that LexisNexis was aware that Esteem database members use Esteem consumer reports for the purpose of making employment hiring decisions and automatically denying Californians employment. (FAC at ¶¶ 43-44.) Finally, Plaintiff has alleged that LexisNexis was prohibited from inquiring into such information for the purpose of preparing Esteem consumer reports and that it knew or was reckless in failing to know California employers would use Esteem consumer reports in a manner that violates California equal employment opportunity laws or regulations. (FAC at ¶ 70-71, 91.) Therefore it was impermissible for LexisNexis to provide Esteem reports to California employers, regardless of any certifications such employers made under the FCRA. (FAC at ¶ 91.)

Despite these allegations, LexisNexis contends that it has an objectively reasonable interpretation of the law and therefore it cannot be held liable for a willful violation of the FCRA.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861

1    Defendant supports its argument by relying on *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371

2    (2012) and *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. Ga. 2009).

3    However, unlike in *Long* and *Levine*, there is a long history of law to put LexisNexis on notice

4    that the provision of the Esteem consumer reports to California employers would violate

5    California equal employment opportunity law and regulation.  As set forth above, the use of non-

6    conviction criminal detention records for the purpose of denying Californians employment has

7    been disfavored and prohibited since the 1970s.  Indeed, such use is expressly prohibited by the

8    plain language and purpose of Labor Code § 432.7 and 2 C.C.R. §11017.  The Esteem database

9    has plainly been designed and used to fly in the face of such prohibitions by providing employers

10   with private versions of the exact same documents that case law has already established are

11   prohibited from use in making employment decisions.  Indeed, Esteem consumer reports carry the

12   exact same stigma that the laws were designed to protect against: the stigma of being a criminal

13   when no criminal allegations have been proven in a court of law.  Maintaining and using a

14   database with the clear intent of defeating these important employee protections plainly ran a risk

15   of violating the law that was substantially greater than taking actions that were merely careless.

16       In short, LexisNexis had every reason to know that employers who use Esteem consumer

17   reports in California were engaging in conduct prohibited by California equal employment

18   opportunity law and regulation.  Accordingly, Plaintiff has sufficiently alleged that LexisNexis

19   acted with reckless disregard of its statutory duties under the FCRA.

20   **V.    CONCLUSION**

21       As set forth in Plaintiff's First Amended Complaint and as set forth above, LexisNexis

22   operated the Esteem database for the very purpose of denying individuals, including Californians,

23   employment on the basis of unsubstantiated criminal allegations that have never been proven at

24   trial.  LexisNexis knew, or was reckless in failing to know, that the use of Esteem consumer

25   reports in the state of California violates California equal employment opportunity law and

26   regulation.  Accordingly, Esteem consumer reports should never have been shared with

27   employers for use in the state of California.  LexisNexis's motion to dismiss should be denied and

28   LexisNexis should be held to answer Plaintiff's First Amended Complaint.  If the Court is

inclined to grant any part of the motion to dismiss, Plaintiff requests leave to amend the Complaint to address any deficiencies the Court finds.


Dated:  June 30, 2014                    **KELLER GROVER LLP**


By:  /s/ *Carey G. Been*
       CAREY G. BEEN

*Counsel for Plaintiff*
G. TSANG, individually and on behalf of
classes of similarly situated individuals

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax 415.543.7861